# CASES IN CHANCERY.

## DELAWARE.

BENJAMIN A. REEVE and MARY REEVE, his Wife,

*vs.*

PETER L. BONWILL and PHILEMON CARTER.

Kent, March T. 1874.

*Deed of trust; mental incapacity of grantor; burden of proof.*

1. To warrant the court in restraining, on the ground of want of understanding on the part of the grantor, the execution of the trusts under a deed of trust, where they have been partly executed and rights of creditors and purchasers have intervened, it must affirmatively appear that there was in the grantor, at the time of making the deed, a disqualifying incapacity to make it.

2. Competency in business transactions is presumed, unless the contrary appears by proof.

3. When an act is sought to be avoided on the ground of mental imbecility, the proof of the fact lies upon the person alleging it.

4. Imbecility of mind is not sufficient, in the absence of fraud, to set aside a contract, when there is not an essential privation of the reasoning faculties, or an incapacity of understanding and acting with discretion in the ordinary affairs of life.

BILL FOR AN INJUNCTION.—The bill was filed by the grantors in a deed of trust, dated February 22, 1873, and sought to enjoin the trustees named in the deed from proceeding

1

further in the execution of the trusts thereunder, and to avoid the deed.

The questions presented and the facts connected therewith are stated in the opinion.

*J. Alexander Fulton,* for the complainants :

1. On the question of capacity in the grantor : A plain man is not to be held to so strict a rule as a shrewd, sharp one. *Green* v. *Morris & Essex R. Co.* 1 Beas. 165. The condition of the party seeking relief, the unconscionableness of the contract, and all the circumstances, enter into the inquiry when relief is sought. *Freeman* v. *Dwiggins,* 2 Jones, Eq. 162. The court will look into the reasonableness of the transaction in order to do equity. *Stewart* v. *Hubbard,* 3 Jones, Eq. 186. Age, infirmity, and mental weakness are all elements to be considered in deciding upon the validity and effect of an act. *Pinckston* v. *Brown,* 3 Jones, Eq. 494. General habit, intemperance, extravagance, and thoughtlessness, are all proper subjects of evidence in a case of fraud. *Kauffman* v. *Swar,* 5 Pa. 230. The law especially protects those who are not able to protect themselves ; all transactions with feeble persons, whether they are so from age, sickness, or infirmity of mind, are carefully watched. 2 Pars. Cont. 774 ; *Malin* v. *Malin,* 2 Johns. Ch. 238 ; *Blachford* v. *Christian,* 1 Knapp, 77. Where one with superior information professes superior knowledge, even of the law, and thereby obtains an unconscientious advantage of another, who is confessedly ignorant, and who has not been in a situation to be informed, the injured party is as much entitled to relief, on the ground of fraud, as if the misrepresentations were of matter of fact. *Moreland* v. *Atchison,* 19 Tex. 303. Although a contract, made by a man of sound mind and fair understanding, may not be set aside merely from its being a rash, improvident, or hard bargain, yet if the same contract be made with a person of a weak understanding, there does arise a natural inference that it was obtained by fraud, circumvention, or undue influence. *Ellis* v. *Mathews,* 19 Tex. 390. To set aside obliga-

tions on the ground of mental incapacity, it is not necessary to prove partial derangement. It is sufficient if it appear that the mental weakness is such as to incapacitate the party from guarding himself against imposition and undue influence. *Johnson* v. *Chadwell*, 8 Humph. 148. The deed of an illiterate person may be set aside after his death, although it had been read to him, but in the absence of proof that he understood its full import. *Price* v. *Price*, 12 Eng. L. & Eq. 144. Where there has been undue influence, imposition, mental imbecility, surprise, or confidence abused, equity will always relieve. *Hunt* v. *Moore*, 2 Pa. 105. See also *Hall* v. *Perkins*, 3 Wend. 626; *Guest* v. *Beeson*, 2 Houston, 262, 263. Weakness of intellect is a good cause of rescission. *Brooke* v. *Berry*, 2 Gill, 83.

2. On the question of deceit and circumvention: In contracts of all kinds it is of the highest importance that courts of law should compel the observance of honesty and good faith. Per *Lord* Kenyon, quoted with approbation in Sugd. Vend. & P. chap. 6, § 1. Any deception will avoid the deed. *Livingston* v. *Peru Iron Co.* 2 Paige, 390. Misrepresentation or concealment will entitle the party deceived to relief in equity. *Hewitt* v. *Crane*, 2 Halst. 159. Fraud vitiates every contract into which it enters, and equity will grant relief by declaring it void, and ordering the instrument executed under it to be delivered up; and this, whether the fraud be actual or constructive. *Pinckston* v. *Brown*, 3 Jones, Eq. 494. The papers themselves may contain inherent evidence of fraud. *Brooke* v. *Berry*, 2 Gill, 83. It has been the constant practice of courts of chancery to grant relief where there has been misrepresentation, imposition, undue confidence, undue influence, or advantage taken of another's situation. *Moreland* v. *Atchison*, 19 Tex. 303. Fraud may consist in misrepresentation or concealment of material facts, and may be inferred from the circumstances and condition of the parties. *Belden* v. *Henriques*, 8 Cal. 87. See also *Ingersoll* v. *Barker*, 21 Me. 474. A conveyance of lands, obtained from an old man of infirm mind, although such infirmity does not

amount to insanity, may be set aside in a court of equity. *Harding* v. *Handy*, 24 U. S. 11 Wheat. 103 (6 L. ed. 429).

3. As to the deed's being a surprise and trap to Mary Reeve and the other grantor, used to defeat and extinguish her inchoate right of dower : A mistake as to the legal effect of a grant in a deed executed will be corrected in order to carry out the intention of the parties. And the fact that the deed was prepared by the legal adviser of the party taking advantage of it will be an additional reason for moving the court to correct it. *Green* v. *Morris & Essex R. Co.* 1 Beas. 165. The rule *Ignorantia legis neminem excusat* has its exceptions. *Ibid. Ignorantia juris neminem excusat* means only that ignorance cannot be pleaded in excuse of crime, and does not hold in civil cases. *Lansdown* v. *Lansdown*, Mosely, 364 ; 2 Jac. & Walk. Ch. 205. See also *Cholmondeley* v. *Clinton*, 2 Meriv. 250–252. When the vendor acts upon the misrepresentations of the vendee, the conveyance will be set aside. *Reynell* v. *Sprye*, 13 Eng. L. & Eq. 74. The court may resort to the previous agreement, to ascertain what the parties meant. *New Jersey Zinc Co.* v. *Boston Franklinite Co.* 2 McCart. 418. A deed executed under necessitous circumstances with an ignorant person, and injurious to his interests, was set aside and a reconveyance decreed, although there was no proof of actual fraud. *Gould* v. *Okeden*, 4 Bro. P. C. 198.


*J. P. Comegys*, for the defendants :

1. On the question of incapacity of understanding, see 2 Kent, Com. *451, 452.

2. As a general rule the opinions of witnesses are not admissible in evidence. In cases involving mental capacity to do an act, witnesses who are not what is called experts (unless they be documentary witnesses)—that is, persons professionally acquainted with the subject of insanity or imbecility — are not permitted to testify as to their opinions. They can depose only to facts which are within their own knowledge. 1 Greenl. Ev. § 440.

THE CHANCELLOR.—A preliminary injunction had been awarded June 6, 1873, restraining the defendants from proceeding any further in the execution of a trust purporting to have been conferred upon them by a certain deed of trust bearing date February 22, 1873.

The reasons assigned by the complainant in support of the preliminary injunction were, in substance, that the said Reeve, at the time of making and executing the paper writing purporting to be a deed, was sick and weak in body and mind; and that he had no recollection of making and executing the said deed, and was incapable of understanding, and did not understand, the nature and character of its contents. He alleges in his bill that he•was, by reason of such sickness and bodily and mental weakness, unaware of the powers and trusts conferred upon the defendants as trustees, and of the description of the property and estate purporting to have been conveyed to such trustees, and the purposes and objects for which said deed purported to have been made.

Reeve's wife joined in the deed, and has joined with him in the bill of complaint, and alleges that she was not aware that by joining her husband in said deed, or what purports to be a deed, of conveyance of the land therein mentioned, she would thereby deprive herself of the right of dower in such lands in the event of her surviving her husband.

There was no proof of the mental incapacity of the wife.

A number of witnesses were examined as to the mental capacity of Reeve himself when the deed was executed, among whom were his attending physicians and his brother, under the advice of which brother the deed seems to have been executed.

It appears that the brother had formerly advised Reeve that, owing to his bad health and embarrassed circumstances, the best thing for him to do would be to convey his real estate, which consisted of several parcels of land, to trustees, who might sell the same, and out of the proceeds of sale thereof pay his creditors and discharge his indebtedness.

Acting under the power and authority conferred upon

them by the said deed of trust, the trustees have sold a part of said lands, and applied a portion of the proceeds of such sale, paid by purchasers thereof, to the payment and satisfaction of the debts of Reeve.

Can I, consistently with the above statement of facts and the proofs in this cause, restrain the defendants from proceeding further with the execution of the trusts created by said deed, and especially after the trusts have been partly executed? The rights of creditors and the rights of purchasers have intervened since the execution of the deed of trust, and before the awarding the preliminary injunction in this cause. These rights are to be respected by the court. I cannot be expected to interfere with the execution of the trusts of the deed, by the trustees therein named, unless it shall satisfactorily appear, by the evidence and proofs in the cause, that there was a disqualifying incapacity in Reeve to make the deed at the time he made it.

Competency in business transactions is presumed unless the contrary appears by proof.

The general rule is, that sanity is to be presumed until the contrary be proved; and therefore by the common law a deed made by a person *non compos* is voidable only, and not void; and when an act is sought to be avoided on the ground of mental imbecility, the proof of the fact lies upon the person who alleges it. Imbecility of mind is not sufficient, in the absence of fraud, to set aside a contract, when there is not an essential privation of the reasoning faculties or an incapacity of understanding and acting with discretion in the ordinary affairs of life. This incapacity is the test of that unsoundness of mind which will avoid a deed at law. 2 Kent, Com. 451, 453.

No such weakness of understanding in Reeve which might be a material circumstance in establishing an inference of unfair practice or imposition being proved, but the preponderance of testimony being greatly to the contrary, and the execution and the delivery of the deed by him to the trustees for the purposes and objects therein mentioned being the best,

perhaps, for his personal interests, due regard thereto being had, I do not consider that sufficient appears to justify me in declaring the deed void, and I therefore decline to do so.

The preliminary injunction is dissolved, and the bill is dismissed, with costs to be paid out of the trust property.